Victoria Le, Esq. SBN 230452
Thomas Emmitt, Esq. SBN 207504
Law Offices of London & Le, APLC
415 Huntington Drive, Suite 101
San Marino, CA 91108
Telephone: (626) 639-3424
Email: londonandle@gmail.com

Attorneys for Defendants
DEFENDANT L.A. DEDEYNE, LLC
and Q. TRAN CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brian Whitaker,<br><br>    Plaintiff,<br><br>v.<br><br>L. A. Dedeyne, LLC, a California Limited Liability Company; Q. Tran Corporation, a California Corporation; and Does 1-10,<br><br>    Defendants. | Case No. 2:20-cv-01972-VAP-KS<br><br>[Discovery matter referred to Magistrate Judge Karen L. Stevenson]<br><br>**DEFENDANT Q. TRAN CORPORATIONS' OPPOSITION TO SANCTIONS, DECLARATIONS OF VICTORIA LE, BARBARA ORTEGA EXHIBITS,**<br><br>Date: December 1, 2021<br>Time: 10 a.m. |

TO THE COURT AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE:

    Defendants Q. TRAN, CORPORATION hereby Opposes Plaintiff's Notice of Motion and Motion for Rule 37 Sanctions.

///

///

///

///

1

1   DATED: November 24, 2021            LAW OFFICES OF LONDON & LE

2

3                                       By: _____
                                        VICTORIA LE, Esq.
4                                       THOMAS EMMITT, Esq.
                                        Attorney for Defendants
5                                       L. A. DEDEYNE, LLC and Q. TRAN
                                        CORPORATION
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT Q. TRAN CORPORATIONS'
OPPOSITION TO RULE 37 MOTION

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS

## I.     INTRODUCTION

At the prior hearing on this matter this court ordered the parties to 'meet and confer' within 72 hours regarding scheduling of the site inspection. In response, Plaintiff proposes drastic discovery sanctions of striking the answer and that default judgment be entered for a fairly simple oversight of failing to 'meet and confer' within that 72-hour time frame.

However, due to a failure in communication from specially appearing counsel, combined with a multitude of mostly resolved other discovery disputes in this action, along with defense counsel's litigation secretary absence from the office due to contracting the Covid virus, the initial observance of the 72-hour deadline, and follow up scheduling, fell through the cracks.

However, scheduling of the site inspection, the ultimate goal of the court's order has been achieved. Hence, based thereon, the Motion must be denied.

## II.     THE COURT'S 72-HOUR 'MEET AND CONFER' ORDER

As shown in the Le Declaration, this court's short 72-hour time period order to 'meet and confer' was lost in the various other discovery matters. Le Declaration at ¶ 2. Indeed, on the date of the hearing Plaintiff's counsel Cara Townsend was uncertain of the timeline to 'meet and confer' as she stated, "I believe the court ordered us to MC within 72 hours." Exhibit '2' at page 2, 9/27/21 at 3:46 p.m. (Emphasis added). However, plaintiff's counsel then seeks to have the answer stricken even though she was uncertain about this court's order! As defendant had specially appearing counsel appear, along with a number of other pending discovery disputes between the parties at that time that have mostly been resolved, plaintiff's counsel's office was similarly confused. Le Declaration at ¶2.

Additionally, defendant counsel's litigation secretary, Barbara Ortega, was out ill with the Covid virus from October 26 to November 2, 2021, causing further disruption in defense counsel's office. Ortega Declaration.

///

///

///

### III.    THE SANCTION REQUEST MUST BE DENIED

A)    Striking Answer and Entering Default

It must be without question that striking the answer and entering default on a simple failure to 'meet and confer' within 72 hours is drastic remedy, particularly when the site inspection has been scheduled for December 1 or 2, 2021, awaiting plaintiff's counsel final confirmation, exhibits 'A' and 'B', that defendant has a complete to defense to this action, exhibit 'C', and defendant has not had any prior discovery violations with this court. See generally, Le Declaration.

Hopefully, by the time of the hearing on this motion, the inspection has occurred, or a date will be agreed upon.

B)    Plaintiff's Monetary Sanction Request is Excessive

Plaintiff's counsel claims 3.4 hours of time was necessary to prepare a simple motion. This must be deemed excessive. Additionally, without any legal basis, Plaintiff seek monetary sanctions for opposing a prior motion. Indeed, the court should, at a minimum, question plaintiff's counsel's hourly rate when she asserts a right to attorney fees on a prior motion without any legal basis.

Both parties were mutually uncertain, or unaware, of this court's 72-hour order. Most importantly, a site inspection will have occurred by the time of this hearing, or hopefully soon thereafter. Hence, based thereon, no monetary sanctions should be ordered by this court.

DATED: November 24, 2021          LAW OFFICES OF LONDON & LE

By: _____
VICTORIA LE, Esq.
THOMAS EMMITT, Esq.
Attorney for Defendants
L. A. DEDEYNE, LLC and Q. TRAN
CORPORATION

4